UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JASON JOHNSON,
LINDSAY JOHNSON,

      Plaintiffs,

      v.                        Case No. 13-C-1191

LVNV FUNDING,
CHASE CARD SERVICES,

      Defendants.

DECISION AND ORDER GRANTING IN PART AND DENYING IN PART LVNV
FUNDING'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 9)

Plaintiffs, Jason and Lindsay Johnson, sue defendants, LVNV Funding and Chase Card Services, alleging violations of the Wisconsin Consumer Act (WCA) and the Fair Debt Collection Practices Act (FDCPA). LVNV Funding answered the complaint and moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).[1] Chase Card Services has yet to appear in the action.

Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). The factual allegations in the complaint are taken as true, with all reasonable inferences drawn in plaintiff's favor. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). However, factual assertions in the complaint that undermine the plaintiff's claim are not ignored. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452.

---

[1] In the signature block of its answer and at the start of its motion, LVNV Funding states that its correct name is LVNV Funding LLC. (Doc. 5 at 5; Doc. 9 at 1.)

The standard that applies to a Rule 12(c) motion also applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* First, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Pisciotta*, 499 F.3d at 633; *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Second, factual allegations must be enough to rise above the speculative level, which means that sufficient facts are set forth in the record so as to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007); *EEOC*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14).[2]

The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452-53. The Seventh Circuit has interpreted "written instruments" to include documents such as affidavits, letters, contracts, and loan documentation. *Id.* at 453. Here, the Johnsons attached to their complaint copies of a Waukesha County Circuit Court complaint by LVNV Funding against Lindsay Johnson (then Reinbold) (the "state-court complaint") and Lindsay's subsequent motions to join Jason in those proceedings and to dismiss that case. Because these state-court filings were attached to the complaint here, the court will consider them part of the pleadings for purposes of the Rule 12(c) motion.

---

[2]Plaintiffs reference an outdated standard for review that existed prior to the *Bell Atlantic* case. (*See* Doc. 14 at 3.)

2

ALLEGATIONS IN THE PLEADINGS

On or about May 13, 2013, LVNV Funding filed a state-court complaint against Lindsay Johnson (then Reinbold), alleging that Lindsay[3] defaulted on her account due to her failure to make required payments. (Doc. 1 at 2.) The complaint alleged that the account referenced had a financed amount of less than $25,000; was entered by Wisconsin residents in Wisconsin; and was incurred primarily for personal, family, or household purposes. (*Id.* at 2-3.) It was further asserted that the account was subject to deferred payment and interest. (*Id.* at 3.)

When the state-court complaint was filed, neither LVNV Funding nor any other person or entity had provided to the Johnsons a notice of right to cure the alleged default. (*Id.* at 2.) Moreover, the Johnsons had not received from defendants or any other person or entity a notice of assignment of the debt or other notice informing them that the right to enforce the alleged debt was transferred from an original creditor to a new creditor. (*Id.* at 3.)

On or about June 6, 2013, Lindsay filed motions to dismiss the state-court case and to add Jason as a party to that case. (*Id.* at 3, Ex. B.[4]) On or about June 25, 2013, LVNV Funding filed a voluntary dismissal of the action, without providing Lindsay or Jason notice of that filing. (Doc. 1 at 3.) Nonetheless, around June 29, 2013, the Johnsons received a signed order of voluntary dismissal. (*Id.*) Notwithstanding Lindsay's motion to dismiss in the state-court case, the Johnsons allege here that they did not want the state-court

---

[3]Because the court references Lindsay Johnson and Jason Johnson separately several times, the court will use their first names to differentiate them.

[4]The Complaint asserts that Lindsay also demanded arbitration (Doc. 1 at 3), but the motions to add Jason and to dismiss do not mention arbitration (*see* Doc. 1 Ex. B).

3

case dismissed. Instead, they wanted the action "referred to arbitration to enforce their rights." (*Id.*)

In this case the Johnsons allege violations of the WCA and the FDCPA. This complaint asserts that "plaintiffs" suffered damages as a result of the WCA violations and that under the FDCPA "Plaintiff" is entitled to statutory and actual damages. (*Id.* at 4-5.)

According to the complaint, Jason and Lindsay live at the same address in Waukesha, Wisconsin. (*Id.* at 1.) However, the complaint does not state that they are married.

## DISCUSSION

Plaintiffs allege defendants violated the WCA by filing the state-court lawsuit without giving them notice of the right to cure default or notice of assignment of debt, in violation of Wis. Stat. § 427.104. Further, say plaintiffs, the defendants violated the WCA by engaging in conduct (filing the state-court complaint) that can reasonably be expected to harass the customer and that threatens to enforce rights while knowing the rights did not exist contrary to Wis. Stat. § 427.104(1)(h) and (j). Plaintiffs further contend defendants violated the FDCPA by misrepresenting the character and legal status of their debt and by engaging in unfair and unconscionable practices, contrary to 15 U.S.C. § 1692f.

LVNV Funding moves for judgment on the pleadings for failure to state a claim under either the WCA or FDCPA. Additionally, it seeks judgment on the pleadings as to all of Jason's claims.

A.  FDCPA Claim

Under the Fair Debt Collection Practices Act, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

4

Although the statute lists specific practices that are unfair per se, the list does not limit the application of § 1692f to particular conduct. *Todd. v. Collecto, Inc.*, 731 F.3d 734, 736 (7th Cir. 2103). Whether a debt collector's actions constitute unfair or unconscionable behavior is generally to be decided objectively by a jury *Id.* at 739. However, if no reasonable jury could conclude that the given actions rose to the level provided by law, a court may dismiss. *Id.* The court must look at the actions of the debt collector from the point of view of an "unsophisticated consumer," meaning from the perspective of a person with modest education and limited commercial experience. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014)*.*

The question is whether an unsophisticated consumer would consider the start of litigation, without prior notice of a right to cure or of assignment, to be unfair or unconscionable behavior. At least one district court has held that if a debt collector has not provided notice of assignment through any form of contact prior to bringing suit, the debt collector may be liable under the FDCPA § 1692f; however, the decision was based on the validity of assignments under New York law, which require notice before a debtor is bound to pay an assignee. *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d 636, 639-40 (S.D.N.Y. 2013). As discussed below, pertinent Wisconsin statutes do not have this requirement.

But taking the facts in plaintiffs' favor, LVNV Funding failed, prior to suing Lindsay, to contact her regarding a right to cure or an assignment. An unsophisticated consumer could plausibly find the filing of suit by an unknown entity (because there was no notice of an assignment) before all the steps for bringing the lawsuit have been taken (notice of right to cure) to be unfair or unconscionable behavior. While some federal courts may have

5

found that initiating a lawsuit without adequate documentary support fails to create liability under 15 U.S.C. § 1692d, which prohibits conduct that harasses, oppresses, or abuses the recipient, *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006), or 15 U.S.C. § 1692e, which prohibits deceptive practices, *id.* at 331-33; *Ness v. Gurstel Chargo, P.A.*, 933 F. Supp. 2d 1156 (D. Minn. 2013), this court is yet to be persuaded that the same thinking applies to § 1692f's prohibition of unfair or unconscionable conduct.  Therefore, judgment on the pleadings as to this claim must be denied.

However, the Johnsons also submit that it was unfair and unconscionable under the FDCPA for LVNV Funding to "fail[] to heed Ms. Johnson's demand for arbitration . . . and to voluntarily dismiss the action without providing a copy of said notice to Ms. Johnson." (Doc. 14 at 12.)  They contend that requesting a voluntary dismissal without serving it on the Johnsons violated two state procedural statutes.  (*Id.* at 12 n.5.)

The court finds that this alleged conduct is no valid basis for the § 1692f claim. Lindsay sought dismissal of the state-court case.  (Doc. 1 Ex. B at 3.)  LVNV Funding acquiesced to Lindsay's request by voluntarily dismissing the case in response.  Her motion did not ask for arbitration.  (*See id.* at 2-4.)  Notwithstanding the Johnsons' allegations in the complaint concerning a demand for arbitration, the document they attached (the state-court complaint) shows the contrary.  Even an unsophisticated consumer would have no basis for believing that LVNV Funding failed to heed a call for arbitration when arbitration was not demanded.  Moreover, even if arbitration had been requested, the state court's choice of the alternate remedy of dismissal would not be cause for claims of unfair or unconscionable conduct by LVNV Funding.

As for violation of the procedural rule requiring service of the voluntary dismissal document on Lindsay, no unsophisticated consumer would think it unfair or unconscionable under the alleged circumstances, as Lindsay was not harmed by the failure. She got what she wanted—dismissal of the lawsuit—regardless of whether she found out about it from LVNV Funding directly or by the court upon dismissal of the case. If Lindsay believed that LVNV Funding violated state court procedural rules, she should have brought that to the attention of the state court. Therefore, this portion of the § 1692f claim will be dismissed.

B. WCA Claims

The Johnsons assert that LVNV Funding's filing of the state-court complaint without previously providing notice of a right to cure or a notice of assignment violated Wis. Stat. § 427.104 generally. Further, they state that the defendants' filing of the state-court complaint violated Wis. Stat. § 427.104(1)(h) and (j) specifically.

Section 427.104 is titled "Prohibited practices." Although the Johnsons do not cite specific subsections of section 427.104 regarding their right-to-cure and notice-of-assignment arguments, they do not have to cite legal theories in their complaint, *see Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999), and the court will look to the additional provisions they cite in their briefs to discern the basis of their claims.[5]

---

[5]The court notes that the parties have cited at least two unpublished cases that predate July 1, 2009. Pursuant to Wis. Stat. § 809.23(3)(a), those opinions are not precedent or authority and should not be cited except to support a claim of claim preclusion, issue preclusion, or the law of the case. This court will not consider them.

1. Notice of Right to Cure

Under Wisconsin Law, a "merchant who believes that a customer is in default may give the customer written notice of the alleged default and, if applicable, of the customer's right to cure any such default (s. 425.105)." Wis. Stat. § 425.104(1) (2011-12). While § 425.104(1) is written using permissive language, Wis. Stat. § 425.105(1) provides that a merchant

> may not accelerate the maturity of a consumer credit transaction [or] commence any action except as provided in s. 425.205(6) [(i.e., an action to recover collateral)] . . . unless the merchant believes the customer to be in default (s. 425.103), and then only upon the expiration of 15 days after a notice is given pursuant to s. 425.104 if the customer has the right to cure under this section.

Until the expiration of those fifteen days,

> a customer may cure a default under a consumer credit transaction by tendering the amount of all unpaid installments due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges, and by tendering performance necessary to cure any default other than nonpayment of amounts due. The act of curing a default restores to the customer the customer's rights under the agreement as though no default had occurred.

Wis. Stat. § 425.105(2). The right to cure disappears if the customer twice defaulted on and cured the same account in the preceding twelve months. Wis. Stat. § 425.105(3). Under these provisions, a customer that a merchant believes is in default is entitled to receive a notice of the right to cure the default before acceleration or suit, but only if that customer has a right to cure the default. *Rosendale State Bank v. Schultz*, 123 Wis. 2d 195, 198, 365 N.W.2d 911, 912 (Ct. App. 1985).

A right to cure exists regarding installment payments. *See id.* at 198. But a customer does *not* have a right to cure when the customer has defaulted on the entire

8

obligation or the final installment. *Id.* at 198-99. The statutory language "indicates that the act of curing relates to a point of time in the customer-merchant relationship where the entire amount or final installment of the obligation is not yet due" and "contemplates a continuing relationship between the customer and merchant after the default is cured." *Id.* at 198.

In *Rosendale*, the borrowers failed to pay off two mortgage loans by the final expiration date. *Id.* at 196. The lender filed foreclosure proceedings on both mortgages without providing any notice of a right to cure the default. *Id.* The Wisconsin Court of Appeals held that the borrowers had no right to cure the default, and thus no right to notice, because the obligation was entirely past due and fully owed. *Id.* at 199. According to the court, the legislative purpose of notice of the right to cure was to provide an opportunity for the customer to restore the loan's status and maintain the customer-merchant relationship. *Id.* However, when the payment is fully owed and past due it is impossible to reinstate the loan or the customer-merchant relationship; curing the default would be to convey the entire amount due. *Id.*

LVNV Funding contends that no notice to cure was required before suit against Lindsay because her account was entirely past due and fully owed. But whether Lindsay's alleged debt was an amount fully past due or involved installment payments that were past due cannot be discerned from the pleadings. Plaintiffs allege that the account referenced in the state-court complaint was "subject to deferred payment and interest" (Doc. 1 at 3) and that the state-court complaint alleged she had failed to "make required payments" (*id.* at 2) in the plural. The state-court complaint alleged that Lindsay failed to make required payments on two or more occasions within twelve months, suggesting an installment

9

account. Thus, the complaint plausibly suggests that the account was not one involving a single lump-sum payment or the final installment payment. Instead, from the facts alleged, it is plausible that the referenced account was an installment account involving two or more past due installments, which was accelerated upon default.

LVNV Funding contends that the entire amount is past due because it acquired the debt after it was reduced to one, final amount. However, the simple past-due status of the loan when LVNV Funding acquired it is immaterial. As assignee, LVNV stepped into the shoes of the original creditor. *See, e.g.*, Wis. Stat. § 422.407(1). If the account was a revolving or installment account and the original creditor accelerated the debt without giving the debtor notice of a right to catch up on the installment payments, then LVNV Funding could not sue without first providing notice of the right to cure.

LVNV Funding contends that *Rosendale* applies because even if plaintiffs cured the default, the customer-merchant relationship could not be preserved or reinstated, as LVNV Funding was not the original creditor, but instead was an assignee. Thus, payment of the default would not renew the relationship between plaintiffs and the original creditor. Moreover, LVNV Funding has failed to persuade the court at this time that, assuming that LVNV Funding stepped into the shoes of the original creditor and that creditor (with whom the relationship could be reinstated) accelerated without giving notice of a right to cure, LVNV Funding could step into a *better* position as assignee. Plaintiffs should not lose their consumer rights based on their creditor's sale or assignment of its debt.

In its reply brief, LVNV Funding contends that no independent claim exists for failure to provide notice of a right to cure—that the statute provides at most only a defense to an action by the owner of the debt. (Doc. 15 at 4.) This argument was first raised in reply and

10

will not be considered by the court. In its initial brief LVNV Funding relied only on the argument based on *Rosendale*. (Doc. 10 at 6-7.) Thus, this claim will continue for now.

2. Notice of Assignment

Under Wisconsin law, a "customer is authorized to pay the assignor until the customer receives notification of assignment of the rights to payment." Wis. Stat. § 422.409(1). A notice of assignment

> shall be in writing and addressed to the customer at the customer's address as stated in the contract, shall be accompanied by a copy of the contract or shall identify the contract, describe the goods or services, state the names of the assignor and the customer, the name and address of the assignee, the number, amount and due dates or periods of payments scheduled to repay the indebtedness and . . . the total of payments.

§ 422.409 (2). Furthermore, a "notification which does not reasonably identify the rights assigned is ineffective." § 422.409(1).

Plaintiffs contend that LVNV Funding violated the WCA by filing the state-court lawsuit without first providing a notice of assignment from the original creditor to LVNV Funding. (Doc. 1 at 4.) But the statute does not tie the validity of the assignment to the notice requirement. Instead, it merely provides that payments made by the debtor to the original lender count as valid payments until notice of the assignment is made. All this means is that if plaintiffs paid the original lender, that payment counts toward payment of their debt, even if an assignment had occurred. It does not mean that the assignment was invalid or that LVNV Funding could not sue.

*Scheunemann v. J.C. Christensen & Associates, Inc.*, 802 F. Supp. 2d 981 (E.D. Wis. 2011), is not to the contrary. In that case, Judge Stadtmueller assumed, without deciding, that failure to provide notice of an assignment affects the validity of the

11

assignment. *See id.* at 989 ("However, even assuming that JCC threatened to take legal action against the plaintiffs when that right did not exist, plaintiffs have failed to show that JCC threatened to initiate legal action with knowledge or reason to know that the right did not exist."). Nor is *Shetiwy v. Midland Credit Management*, No. 12 Civ. 7068(SAS), 2013 WL 5328075 (S.D.N.Y. Sept. 20, 2013), applicable, as the court in that case recognized under New York law (not Wisconsin's) that to be obligated to pay a debt to an assignee, the debtor first must have actual notice of the assignment. *Id.* at 472-73.

Nothing in § 422.409(1) bars acceleration or suit (like § 425.105(1) does) when notice of assignment is not given. That a notification that fails to identify the rights assigned is ineffective in no way means the assignment was ineffective. Thus, plaintiffs fail to state any clam under the WCA regarding a failure to provide notice of the assignment.

3. Prohibited Practices

Wisconsin Statute § 427.104 states that a debt collector may not, in attempting to collect an alleged debt arising from a consumer credit transaction, "[e]ngage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to a customer" or "[c]laim, or attempt to threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. § 427.104(1)(h), (j).[6]

To ascertain if a given case rises to the level referenced in subsection (h), a court must apply an objective standard. *Assocs. Fin. Serv. of Wis. v. Hornik,* 114 Wis. 2d 163, 168, 336 N.W.2d 395, 398 (Ct. App. 1983). Therefore, the question before the court is

---

[6]In their complaint the Johnsons point to § 427.104(1)(l). However, in their brief they acknowledge that the reference to that subsection was a typographical error; they meant subsection (j). (Doc. 14 at 10 n.4.)

12

whether the behavior of LVNV Funding could reasonably have been expected to threaten or harass. *See id.*

The court cannot determine at the present stage whether a reasonable person would have felt threatened or harassed by LVNV's Funding's state-court complaint when the company or its predecessor had not provided notice of a right to cure. Even if the lawsuit was dismissed voluntarily by LVNV Funding about one month after filing, being sued before the requisite steps are taken cause a reasonable person to feel threatened or harassed. Hence, plaintiffs will be allowed to pursue their claim further.

However, no factual basis exists for a claim that LVNV Funding violated subsection 427.104(1)(j). It is unclear whether the failure to give notice of a right to cure can trigger a claim under § 427.104(1)(j). An argument can be made that because no notice of a right to cure was given, LVNV Funding had no right to sue on the matter, though Judge Crabb has found to the contrary. *See Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962 (W.D. Wis. 2013). This court need not weigh in on the issue because the complaint in this case contains no facts upon which a plausible claim could rest. The Johnsons contend only that "by filing suit," LVNV Funding violated this statute. They fail to assert any facts regarding LVNV Funding's knowledge about the lack of a notice to cure, and the facts as alleged suggest the opposite. The complaint charges—that Lindsay brought the lack of a notice to cure to LVNV Funding's attention via her motion to dismiss and in response LVNV Funding dismissed the state-court case. This suggests that LVNV Funding did *not* know in advance about the lack of a notice to cure from the original lender.

C.  Jason Johnson's Claims

Under Wis. Stat. § 427.105(1), a "person injured by violation of this chapter may recover actual damages and the penalty provided in s. 425.304." The statute does not limit recovery to consumers, as possible compensation is extended to any person injured. *Zehetner v. Chrysler Fin. Co., LLC*, 2004 WI App 80, ¶ 20, 272 Wis. 2d 628, ¶ 20, 679 N.W.2d 919, ¶ 20. According to the WCA, a customer is

> a person other than an organization (s. 421.301(28)) who seeks or acquires real or personal property, services, money or credit for personal, family or household purposes . . . . A person other than a customer may agree to be governed by chs. 421 to 427 with respect to all aspects of a transaction and in such event such person shall be deemed a customer for all purposes of chs. 421 to 427 with respect to such transaction.

Wis. Stat. § 421.301(17).

Nondebtors may sue under 15 U.S.C. § 1692f. *Todd*, 731 F.3d at 736, 739. "[A]nyone aggrieved by a debt collector's unfair or unconscionable collection practices can fall within the provision's zone of interest." *Id.* at 738.

Under these statutes, Jason may have a claim based on conduct aimed at him even if the alleged debt underlying the effort was not his. If the debt collector improperly aimed harassing letters and phone calls at him or sued him even though the debt was Lindsay's, he could have been injured. Or, he could have agreed to take on responsibility for Lindsay's debt such that he became a consumer under the WCA.

Regardless, the facts alleged in the complaint fail to set forth any plausible claim of such harm. Although the complaint asserts that both plaintiffs "suffered damages including but not limited to emotional distress, pecuniary loss and incurring of attorney's fees" (Doc. 1 at 4), these contentions are conclusory. There are no facts indicating that LVNV Funding

14

directed debt collection activity whatsoever toward Jason. The state-court complaint named only Lindsay as defendant. *Lindsay*—not LVNV Funding—sought to add Jason to the state-court case, and it appears that the motion was never granted. LVNV Funding took no actions toward Jason at all.

Plaintiffs argue that because Lindsay Johnson incurred the underlying debt during her marriage to Jason, Jason "may have been subject to collection efforts as a result of the ill-advised, and improperly-commenced, state court collection suit." (Doc. 14 at 5.) But "may have been" is not enough to allege a plausible injury. Plaintiffs set forth no specific facts even suggesting any conduct by LVNV Funding aimed at or toward Jason.

Although a noncustomer who suffers injuries is able to bring a claim under the FDCPA, *Todd*, 731 F.3d at 739, the Johnsons have failed to set forth any facts showing a plausible § 1692f injury to Jason. As did the plaintiff in *Todd*, Jason fails to identify any debt collection practice by LVNV Funding that could plausibly be considered unfair or unconscionable with respect to him. *See id*.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that LVNV Funding's motion for judgment on the pleadings (Doc. 9) is granted in part and denied in part: the claims concerning suit prior to notice of a right to cure, violation of § 427.104(h), and violation of § 1692f (except relating to the lack of service of the voluntary dismissal document and any demand for arbitration) may continue, but all claims of Jason Johnson plus Lindsay's claim relating to the filing of suit prior to providing a notice of assignment, the claim of violation of § 427.104(j), and the portion of her § 1692f claim described in the parenthetical above are dismissed.

15

A scheduling conference will be set by separate order. At the scheduling conference Lindsay must be prepared to discuss the status of her case against Chase Card Services.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE